UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE NAJARA HAYLOCK,

    Petitioner,

v.                                                                          CASE NO:  8:06-cv-750-T-30TBM
                                                                                                Crim. Case No: 8:04-cr-246-T-30TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) filed on April 24, 2006. The Court has undertaken a preliminary review of the motion and the prior proceedings in the underlying criminal case[1] as required by Rule 4(b) of the Rules Governing §2255 Proceedings for the United States District Courts (2005).[2] After doing so, the Court concludes that this motion is due to be summarily denied without an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that Petitioner is entitled to no relief. Consequently, the Court needs no response from

---

[1] See case number 8:04-cr-246-T-30TBM.

[2] Rule 4(b) provides, in pertinent part, that "[t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

Respondent.

## **Background**

The factual background of this case is taken directly from the Factual Basis section (paragraph B.9) of Petitioner's plea agreement:[3]

>   9.   Factual Basis
>
> Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and other beyond a reasonable doubt:
>
> ### **FACTS**
>
> On April 23, 2004, at approximately 6:00 PM, United States Coast Guard Law Enforcement Detachment (LEDET) from the USS Ticonderoga, intercepted an 80FT Honduran fishing vessel (The MISS LORRAINE) operating in international waters in the Caribbean Sea. The vessel was located approximately 80NM NE of Punta Grande, Panama. LEDET requested and received permission to board and search the vessel from the Honduras Merchant Marine Information Verification Center in accordance with the Honduras/United States Expedited Ship Boarding Agreement. The vessel was occupied by seven crew members all in possession of Honduran passports. The engineer of the vessel was identified as Robbie David BROWN-HERNANDEZ and the Master of the vessel was identified as Edison ARTMAN-BROWN. Additional crew members of the vessel were identified as Felix Manuel GUITY-BERNARDEZ, Efrian Ignacio GUTIERREZ-LINO, Gerardo DE Jesus MATUTE-SANTOS, Jose Najara HAYLOCK and Denis AVILO-LINO.
>
> During the search of the vessel, LEDET obtained positive "Ion Scan" hits indicating the presence of cocaine in the passageways and the engine room of the vessel. LEDET located a hidden compartment contained within the fuel tank of the vessel. The compartment further contained approximately 2640 kilograms of cocaine (approximately 110 bales containing 24 kilograms each).

---

[3] Document #46 in the underlying criminal case, 8:04-cr-246-T-30TBM.

>    LEDET collected a representative sample from one of the bales and the sample tested positive for the presence of cocaine.
>
>    A representative from the United States Coast Guard District 7 made a request to the Honduran government for jurisdiction of the crew and the contraband in order to enforce United States law. After several days of negotiations, the United States was ultimately granted the request.
>
>    The defendants were first brought into the United States at Tampa, Middle District of Florida.

Petitioner, JOSE NAJARA HAYLOCK (hereinafter referred to as "Haylock" or "Petitioner"), pled guilty to count one of the indictment which charged him with conspiracy to possess with intent to distribute five or more kilograms of cocaine, while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 §1903(g) and (j) and 21 U.S.C. §960(b)(1)(B)(ii).

At the sentencing hearing held on October 28, 2004, Petitioner admitted the facts contained in his presentence report ("PSR") which included a drug quantity of 2,200 kilograms of cocaine.[4] The Court sentenced Petitioner to 168 months, the low end of the guideline range of 168 to 210 months.

Petitioner timely filed a Notice of Appeal on November 2, 2004. The appeal was dismissed on August 22, 2005, at Petitioner's request because of the valid and enforceable waiver of his right to appeal contained in his plea agreement. The appeal waiver provision in Petitioner's plea agreement states as follows:

---

[4] The sentencing transcript is Dkt. #111 in Haylock's criminal case #8:04-cr-246-T-30TBM.

       5.     <u>Appeal of Sentence; Waiver</u>

The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. §3553(f) and USSG §5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. §3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. §3742(a).

## Discussion

Petitioner raises three grounds in support of his motion to set aside his sentence. This Court will discuss each in turn.

**<u>Ground One:</u>**    Defendant was denied due process of law under the Fifth and Sixth Amendments.

In support of ground one, Petitioner argues that the Grand Jury only charged him in the indictment with possessing five kilograms or more of cocaine, not the 2,200 kilograms that the Court adopted as a finding of fact from the PSR. He asserts that it was illegal for this Court to "constructively amend" the indictment.

Contrary to Petitioner's position, it is quite appropriate for a sentencing court to fashion a sentence based upon judicially determined facts where those facts are admitted by

a defendant.  United States v. Shelton, 400 F.3d 1325 (11th Cir. 2005).  Here, Petitioner admitted the drug quantity in both his plea agreement (2,640 kilograms) and in his admission of facts in the PSR (2,200 kilograms).  The Court could have used either of those admissions upon which to base its sentence.  It is not necessary that the allegations in an indictment set forth any specific quantity of drugs.  See United States v. Maldenado Sanchez, 269 F.3d 1250 (11th Cir. 2001), *cert. denied*, 535 U.S. 942 (2002) (table).

Therefore, ground one will be denied.

**Ground Two:** Defendant was denied his fundamental rights to due process by Court and counsel's failure to inform him of his rights to consult with consular (sic) under Article 36 of the Vienna Convention.

In support of ground two, Petitioner argues that the Vienna Convention confers upon every person arrested in a foreign country the absolute right to be advised by the arresting government of his/her right to consular access citing the Vienna Convention, Article 36.  Further, Petitioner argues that, had he been notified of his right to consult with a consular representative, "it is arguable that counsel would have argued more vigorously against the government's breach of the plea agreement, and the credibility of the government's witness during the sentencing phase, regarding defendant's 'minimal role' and 'safety valve' reductions which were rejected by the Court."

It is unclear how notifying Petitioner of his right to consult would have spurred his attorney to any greater height of advocacy.  His attorney did argue strenuously that Petitioner was entitled to minor role and safety valve reductions.  The fact that he lost those arguments

is not indicative of ineffective assistance of counsel. And, it bears no relation to Petitioner's not being informed of his right to consult. In any event, a sentence is not to be vacated because of a claimed violation of rights under the Vienna Convention. United States v. Duarte-Acero, 296 F.3d 1277 (11th Cir. 2002).

Therefore, ground two will be denied.

**Ground Three:**   Defense counsel's deficient performance rendered the sentencing and appellate proceedings constitutionally inadequate, in violation of defendant's Sixth Amendment (sic) under the U. S. Constitution.

In ground three, Petitioner argues the same underlying issue that he asserted in ground one. He contends that the beginning point for calculating the guideline sentence should start solely with the "statute (or offense) of conviction, rather than on judicial fact finding outside the parameters of the facts alleged in the indictment and prove beyond a reasonable doubt to a jury (or admitted by a guilty-pleading defendant)."

Petitioner has acknowledged the flaw in his own argument. Facts "admitted by a guilty-pleading defendant" may be used by a sentencing court in determining the appropriate sentence under the guidelines. United States v. Shelton, 400 F.3d 1325 (11th Cir. 2005). Since Petitioner's sentence was based on his admission of the drug quantity, ground three fails.

**Conclusion**

It is therefore ORDERED AND ADJUDGED that:

1.	Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2.	The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3.	The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#196, in the underlying criminal case, case number 8:04-cr-246-T-30TBM.

**DONE** and **ORDERED** in Tampa, Florida on June 15, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2006\06-cv-750.Haylock deny 2255.wpd